1  **BOSTWICK & JASSY LLP**
   GARY L. BOSTWICK, Cal. Bar No. 79000
2     gbostwick@bostwickjassy.com
   JEAN-PAUL JASSY, Cal. Bar No. 205513
3     jpjassy@bostwickjassy.com
   KEVIN L. VICK, Cal. Bar No. 220738
4     kvick@bostwickjassy.com
   12400 Wilshire Boulevard, Suite 400
5  Los Angeles, California 90025
   Telephone:  310-979-6059
6  Facsimile:   310-314-8401

7  **THOMAS & LOCICERO PL**
   JAMES J. MCGUIRE, *admitted pro hac vice*
8     jmcguire@tlolawfirm.com
   DEANNA K. SHULLMAN, *admitted pro hac vice*
9     dshullman@tlolawfirm.com
   400 N. Ashley Drive, Suite 1100
10 Tampa, Florida 33602
   Telephone:  813-984-3062
11 Facsimile:   813-984-3070

12 Attorneys for Defendant
   INVESTORSHUB.COM, INC.
13

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  KENNETH EADE, | Case No. CV11-01315 JAK (CWx) |
| 18         Plaintiff, | **DEFENDANT INVESTORSHUB.COM, INC.'S NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES PURSUANT TO CALIFONRIA CODE OF CIVIL PROCEDURE § 425.16 (c); MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19     v. | |
| 20  INVESTORSHUB.COM, INC., a Florida corp., DOE 1, aka NO DUMMY, DOE 2, aka JANICE SHELL, DOE 3, aka FASTER183, DOE 4, aka STOCK MAVIN, DOE 5, aka RENEE, DOE 6, aka VIRTUAL DREW, DOE 7, aka BOB 41, DOE 8 aka OVERACHIEVER, DOE 9, aka DOBERMAN, and DOE 10, | |
| 25         Defendants. | Date:       September 12, 2011<br>Time:       1:30 p.m.<br>Courtroom:  750<br>Judge:      Hon. John A. Kronstadt |

---

TO PLAINTIFF IN PROPRIA PERSONA:

PLEASE TAKE NOTICE that on September 12, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 750 of the above-entitled Court, the Honorable John A. Kronstadt, presiding, located on the seventh floor at 255 East Temple Street, Los Angeles, CA 90012, defendant InvestorsHub.com, Inc. ("iHub") will and hereby does move the Court for an order compelling Plaintiff Kenneth Eade ("Plaintiff" or "Eade") to reimburse iHub $72,240.84 in attorneys' fees and costs, as well as further fees and costs associated with this Motion.

iHub is the prevailing party under California's anti-SLAPP statute, Code of Civil Procedure, section 425.16 ("Section 425.16"), which mandates that "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorneys' fees and costs." C.C.P. § 425.16(c) (emphasis added).

This Motion is made following a conference of counsel pursuant to Local Rule of Court 7-3 on July 20 and 21, 2011.

These foregoing grounds are amplified and explained in the attached Memorandum of Points and Authorities. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Jean-Paul Jassy with Exhibits A and B, the concurrently-filed Declaration of James McGuire with Exhibit C, iHub's previously-filed Notice of Motion and Special Motion to Strike Plaintiff's Complaint under C.C.P. § 425.16, on all papers, pleadings, records and files in this case, on all matters of which judicial notice may be taken, and on such other evidence and/or argument as may be presented to the Court at the hearing on this Motion.

Defendant iHub therefore respectfully requests that this Court award iHub its attorneys' fees and costs in the amounts of $72,840.84, plus additional fees and costs

incurred in preparing a Reply to any Opposition to this Motion and preparing for and appearing at the hearing on this Motion.[1]

Dated: July 26, 2011

BOSTWICK & JASSY LLP

By  /s/  Jean-Paul Jassy
JEAN-PAUL JASSY

THOMAS & LOCICERO PL

By  /s/  James J. McGuire
JAMES J. MCGUIRE
*Admitted pro hac vice*

Attorneys for Defendant
InvestorsHub.com, Inc.

---

[1] Defendant iHub is entitled to recover attorneys' fees and costs incurred in bringing this Motion, including counsel's appearance at the hearing of this Motion. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). Additional fees and costs that iHub has incurred and will incur in connection with this Motion will be set forth in a supplemental declaration submitted with its reply brief. Jassy Decl., ¶ 8.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 12, 2011, this Court granted defendant iHub's anti-SLAPP motion and struck without leave to amend Plaintiff's cause of action against iHub. Ex. A. Defendant iHub, therefore, is the prevailing defendant under California's anti-SLAPP statute, Code of Civil Procedure § 425.16 ("Section 425.16"). Because Section 425.16 provides for a mandatory shifting of fees and costs to the prevailing defendant, Plaintiff is required to compensate iHub for the expense of responding to his baseless suit. C.C.P. § 425.16(c).

## II. STATEMENT OF PERTINENT FACTS AND PROCEDURAL BACKGROUND

On February 11, 2011, Plaintiff filed a Complaint for defamation against iHub and ten Doe defendants. *See* Docket #1. Defendant iHub's counsel asked Plaintiff, an attorney representing himself *in propria persona*, for an extension of time to respond to the Complaint. Plaintiff conditioned any extension on iHub's agreement to stipulate discovery so iHub filed an *ex parte* application requesting more time to respond to the Complaint, which the Court granted. (*See* Docket # 6, 11). On April 15, 2011, iHub filed a special motion to strike Plaintiff's cause of action against iHub pursuant to Code of Civil Procedure § 425.16 ("anti-SLAPP motion"). *See* Docket # 17, 24.

By his own litigation tactics, Plaintiff increased iHub's litigation costs related to the anti-SLAPP motion. On February 21, 2011, Plaintiff filed a motion for an order permitting expedited discovery, which iHub opposed and Magistrate Judge Woehrle denied. *See* Docket # 4, 8, 25. Plaintiff failed to file timely papers in opposition to the anti-SLAPP motion. *See* Ex. A at 1 n.1; Docket # 29. Plaintiff's late opposition and supporting papers were rife with evidentiary problems. Docket # 30, 31, 37. Along with its Reply papers, iHub filed evidentiary objections, most of which were sustained. *See* Docket # 33, 34, 50. On May 11, 2011, Plaintiff filed

another *ex parte* application for leave to take discovery in advance of the hearing on iHub's anti-SLAPP motion. Docket # 38. Defendant iHub opposed Plaintiff's application to take discovery, Docket # 39, which application this Court denied on July 12, 2011 when the Court also granted iHub's anti-SLAPP motion, Docket # 53.

In ruling on iHub's anti-SLAPP motion, the Court held that the anti-SLAPP statute applied under Code of Civil Procedure §§ 425.16(e)(3) and (e)(4), and that Plaintiff did not have a probability of prevailing because the allegedly defamatory statements at issue were constitutionally protected speech and because Plaintiff failed to plead actual malice. Ex. A; Docket # 53.

Defendant iHub files this motion to recover attorneys' fees and costs pursuant to Code of Civil Procedure § 425.16(c), which provides for a mandatory recovery of attorneys' fees and costs to a prevailing defendant in a SLAPP action.

### III. IHUB IS ENTITLED TO RECOVER ITS FEES AND COSTS UNDER THE ANTI-SLAPP STATUTE

#### A. iHub Is Entitled To Recover Its Fees And Costs

The California Supreme Court has held that "under Code of Civil Procedure section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to *mandatory* attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (emphasis added); *see also Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 215 (2002) ("the award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory").[1] The California Supreme Court also held in *Ketchum* that a defendant

---

[1] It is well settled that federal courts recognize the recovery of attorneys' fees and costs under California Code of Civil Procedure § 425.16(c). *See, e.g., United States ex rel. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 (9th Cir. 1999); *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004) (recognizing award of fees under Section 425.16(c) and "holding that the anti-SLAPP statute is "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating him or herself from a baseless lawsuit"); *Thomas v. Los Angeles Times Communications LLC*, 189 F. Supp. 2d 1005, 1017 (C.D. Cal. 2002) (holding that prevailing defendant on anti-SLAPP motion is entitled to a fee award under Section 425.16(c)).

who prevails under Section 425.16 is not only entitled to recover attorney's fees associated with the special motion to strike, but also is entitled to recover attorney's fees incurred in filing a fee motion. *Ketchum*, 24 Cal. 4th at 1141.

The anti-SLAPP fee award is designed to discourage oppressive anti-speech litigation "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances' and to encourage private representation in SLAPP cases." *Ketchum*, 24 Cal. 4th at 1131. The Supreme Court affirmed that "[a]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Id.* at 1131-32. "[T]he legislative aim in including the attorney fee provision [in California's SLAPP statute] was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech and petition for redress of grievances, by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." *Id.* at 1137. *See also Robertson v. Rodriguez,* 36 Cal. App. 4th 347, 362 (1995) ("[t]he right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit"); *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002) (holding that Section 425.16 "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit"); *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006) (same).

The foregoing authorities make clear that a prevailing defendant under Section 425.16 is entitled to recover all fees and costs incurred in responding to causes of action that fall within the ambit of the anti-SLAPP statute. There can be no doubt that iHub "prevailed" under Code of Civil Procedure § 425.16(c). As a direct result of iHub's anti-SLAPP motion, this Court struck Plaintiff's sole cause of action against iHub in its entirety, without leave to amend. Ex. A. As such, iHub should be awarded all of its fees and costs associated with its successful dismissal of the claim

against iHub in the Complaint, including the fees and costs associated with pursuing this Motion to Recover Attorneys' Fees and Costs.

### B. iHub's Attorneys' Fees and Costs Are Reasonable

Because iHub is entitled to recover its attorneys' fees and costs under Section 425.16's mandatory fee-shifting provision, the only issue for the Court to consider is the reasonableness of the fees. In *Ketchum*, the California Supreme Court held that "absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original). A determination of whether fees under Section 425.16 are reasonable typically is vested in the discretion of the trial court. *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658-659 (1996), *disapproved on other grounds*, *Equilon Enters. v. Common Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002). In making this determination, the Court "may and should consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . .; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the case, and the time consumed.'" *Id.* at 659 (emphasis and ellipses in original) (citations omitted). Importantly, in *Church of Scientology*, the California Court of Appeal affirmed an award of fees in the trial court of over $130,000.00 to the prevailing SLAPP defendant. *Id.*

Although "[t]he law is clear … that an award of attorney fees may be based on counsel's declarations, without production of detailed time records," iHub produces time records here, redacted for privilege and relevance, *see* Exs. B, C. *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009). "The fees awarded should include services for all proceedings, including discovery initiated by the

opposing party pursuant to section 425.16, subdivision (g), directly related to the special motion to strike." *Jackson v. Yarbray*, 179 Cal. App. 4th 75, 92 (2009).

Defendant iHub's attorneys' fees are reasonable. First, this litigation was significant because iHub, an Internet bulletin board company, was able to use an anti-SLAPP motion to vindicate its right to act as a public forum for the expression of constitutionally opinions and heated public debate on important topics such as investment in publicly-traded companies, alleged investment scams and attorney ethics. *See* Ex. A at 3-9.

Second, iHub's counsel is experienced in the field of SLAPP litigation and defamation law. Jassy Decl., ¶¶ 3-4, 6; McGuire Decl., ¶¶ 2-4. Jean-Paul Jassy, the attorney primarily responsible for this matter, has litigated approximately 25 SLAPP cases, at both the trial and appellate court levels, in state and federal court. Jassy Decl., ¶ 3. All of iHub's counsel have extensive experience in defamation law. Jassy Decl., ¶¶ 3-4, 6; McGuire Decl., ¶¶ 2-3. The experience of Defendants' attorneys facilitated the drafting of effective papers within a reasonable amount of time and at a reasonable rate. Jassy Decl., ¶¶ 3-5; McGuire Decl., ¶¶ 2-6.

Third, this Court's order striking the Complaint's sole cause of action against iHub, in its entirety and without leave to amend, leaves no doubt that the anti-SLAPP motion was successful. Ex. A at 11-12.

Fourth, the attorneys' fees and costs – approximately $72,240.84 to date – are entirely reasonable in light of iHub's success in defeating Plaintiff's claim against iHub as well as Plaintiff's litigation tactics in pursuit of that claim, which included *two* discovery motions and Plaintiff's refusal to stipulate to an extension of time for iHub to respond to the Complaint unless iHub agreed to preliminary discovery. Exs. B, C; Jassy Decl., ¶ 2. Plaintiff's decision to file a largely inadmissible declaration and other purported evidence in support of Plaintiff's Opposition to iHub's anti-SLAPP motion also drove up iHub's fees by requiring iHub to file detailed evidentiary objections, the majority of which were sustained by the Court. Jassy

1  Decl., ¶ 2; Docket # 50.  As the California Supreme Court has made clear, the amount
2  of litigation necessary to litigate the anti-SLAPP motion "typically lies in the
3  plaintiff's hands: having litigated the matter tenaciously," the plaintiff "cannot . . . be
4  heard to complain about the time necessarily spent by the defendant in response."
5  *Ketchum*, 24 Cal. 4th at 1141 (internal quotation, bracket, and citation omitted).
6  Also, this case involved a relatively heavy factual background with several allegedly
7  defamatory statements spanning various communications and hundreds of pages of
8  exhibits filed by Plaintiff.   Jassy Decl., ¶ 2.

9  Fifth, the attorneys' fees and costs claimed by iHub are lower than other
10 awards under Section 425.16(c) that have been affirmed by the California Court of
11 Appeal.  *See, e.g., Church of Scientology*, 42 Cal. App. 4th at 659 (affirming award of
12 over $130,000 at trial court level); *Raining Data Corp.*, 175 Cal. App. 4th at 1367,
13 1375-1376 (affirming award of over $112,000 in attorneys' fees); *Bernardo v.
14 Planned Parenthood Federation*, 115 Cal. App. 4th 322, 328, 360-68 (2004)
15 (affirming award of over $77,000 at trial court level, and remanding for a
16 determination of fees to be awarded on appeal).

17 Sixth, iHub is voluntarily limiting and reducing the fees sought by way of this
18 Motion.  iHub is <u>not</u> seeking to recover fees incurred for: (1) conferring with Plaintiff
19 regarding, and preparing for, scheduling conferences (4.5 hours); (2) preparing *pro
20 hac vice* papers for iHub's Florida counsel (0.7 hours); (3) evaluating a potential
21 response to the Court's order to show cause re venue (0.8 hours); and (4) conferring
22 with Plaintiff regarding his multiple requests to appear at hearings by telephone (0.7
23 hours).  Jassy Decl. ¶ 7, McGuire Decl., ¶ 7.

24 Seventh, it was reasonable under the circumstances for iHub to employ two
25 law firms to defend this matter.  Thomas & LoCicero PL, a Florida-based law firm,
26 routinely represents iHub, and is familiar with its operations and personnel.  McGuire
27 Decl. ¶ 5.  Bostwick & Jassy LLP, a Los Angeles-based firm, is intimately familiar
28 with California's anti-SLAPP statute and litigating defamation claims in California.

1  Jassy Decl., ¶¶ 3-5.  The attorneys at the two law firms made every effort to limit
2  billings for their communications to necessary strategic coordination.  Jassy Decl., ¶
3  6; McGuire Decl., ¶ 6.  The two firms also divided their work so that the Florida-
4  based firm, with its lower billing rates, would handle most of the non-California
5  specific work, including direct communications with iHub in order to prepare a
6  declaration and exhibits, and that the California-based firm would focus on the work
7  more pertinent to California law.  Jassy Decl., ¶ 6; McGuire Decl., ¶ 6.  This division
8  of labor was designed to be more efficient and to save iHub money.

## IV. CONCLUSION

For the foregoing reasons, iHub respectfully requests that the Court grant its Motion to Recover Fees and Costs under C.C.P. § 425.16(c), and award iHub the fees and costs it has incurred and will incur in responding to Plaintiff's baseless cause of action against iHub, including those fees and costs associated with this Motion.

Dated:   July 26, 2011

| BOSTWICK & JASSY LLP | THOMAS & LOCICERO PL |
|---|---|
| By   -/s/ Jean-Paul Jassy | By   -/s/ James J. McGuire |
| JEAN-PAUL JASSY | JAMES J. MCGUIRE |

Attorneys for Defendant InvestorsHub.com, Inc.