**BOSTWICK & JASSY LLP**
GARY L. BOSTWICK, Cal. Bar No. 79000
  gbostwick@bostwickjassy.com
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@bostwickjassy.com
KEVIN L. VICK, Cal. Bar No. 220738
  kvick@bostwickjassy.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Telephone:  310-979-6059
Facsimile:   310-314-8401

**THOMAS & LOCICERO PL**
JAMES J. MCGUIRE, *admitted pro hac vice*
  jmcguire@tlolawfirm.com
DEANNA K. SHULLMAN, *admitted pro hac vice*
  dshullman@tlolawfirm.com
400 N. Ashley Drive, Suite 1100
Tampa, Florida 33602
Telephone:  813-984-3062
Facsimile:   813-984-3070

Attorneys for Defendant
INVESTORSHUB.COM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EADE, <br><br> Plaintiff, <br><br> v. <br><br> INVESTORSHUB.COM, INC., a Florida corp., DOE 1, aka NO DUMMY, DOE 2, aka JANICE SHELL, DOE 3, aka FASTER183, DOE 4, aka STOCK MAVIN, DOE 5, aka RENEE, DOE 6, aka VIRTUAL DREW, DOE 7, aka BOB 41, DOE 8 aka OVERACHIEVER, DOE 9, aka DOBERMAN, and DOE 10, <br><br> Defendants. | Case No. CV11-01315 JAK (CWx) <br><br> **DEFENDANT INVESTORSHUB.COM, INC.'S MOTION FOR CONTEMPT AND/OR MONETARY SANCTIONS AGAINST PLAINTIFF KENNETH EADE FOR FAILURE TO COMPLY WITH COURT'S ORDER RE PAYMENT OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEAN-PAUL JASSY AND EXHIBITS 1 AND 2** <br><br> Date:  January 9, 2012 <br> Time:  8:30 a.m. <br> Courtroom: 750 <br> Judge:  Hon. John A. Kronstadt |

TO PLAINTIFF IN PROPRIA PERSONA:

PLEASE TAKE NOTICE that on Monday, January 9, 2012, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 750, the Honorable John A. Kronstadt, presiding, located at 255 E. Temple St., Los Angeles CA 90012, defendant InvestorsHub.com, Inc. ("iHub") will and hereby does move this Court for an order, pursuant to the Court's Order dated September 27, 2011 (Dkt. No. 60, the "September 27 Order") and the Court's inherent power, holding plaintiff Kenneth Eade ("Eade" or "Plaintiff") in contempt and/or imposing monetary sanctions in the amount of $2,345.50 against Eade based on his failure to comply with the September 27 Order requiring him to pay $49,000 in attorneys' fees to iHub by no later than October 27, 2011. In violation of the September 27 Order, Eade has not made any payment whatsoever to iHub, and has repeatedly stated that he has no intention of doing so.

This Motion is made following a conference of counsel pursuant to Local Rule of Court 7-3, which took place on November 29 and 30, 2011.

This Motion is based on this Notice, the attached Memorandum of Points And Authorities, the concurrently-filed Declaration of Jean-Paul Jassy with Exhibits 1 and 2, all pleadings and documents on file in this action, and such further evidence or argument as may be presented at the hearing on this Motion.

/ / /

For these reasons, iHub respectfully requests that this Court hold Eade in contempt of Court and/or impose sanctions against him for his violation of the September 27 Order.

Dated: December 9, 2011

BOSTWICK & JASSY LLP

By /s/ Jean-Paul Jassy
JEAN-PAUL JASSY

THOMAS & LOCICERO PL

By /s/ James J. McGuire
JAMES J. MCGUIRE
*Admitted pro hac vice*

Attorneys for Defendant
InvestorsHub.com, Inc.

## I. INTRODUCTION AND FACTUAL BACKGROUND

On September 27, 2011, this Court ordered plaintiff Eade to pay defendant iHub $49,000 in attorneys' fees that iHub incurred in connection with its successful special motion to strike Eade's complaint pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP statute"). (Dkt. No. 60 at 2.) Awards of attorneys' fees under the anti-SLAPP statute play an important role in "effectuat[ing] the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating him or herself from a baseless [SLAPP] lawsuit." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004).

In its September 27 Order, this Court ordered Eade to pay iHub within 30 days. (Dkt. No. 60 at 2.) More than 70 days have now passed, but Eade has made no payment to iHub. To the contrary, he has repeatedly represented that he has no intention of paying iHub despite the September 27 Order. Declaration of Jean-Paul Jassy ("Jassy Decl."), Exs. 1 and 2 [emails from Eade to defense counsel].

## II. THE COURT IS AUTHORIZED TO HOLD EADE IN CONTEMPT AND SANCTION HIM FOR VIOLATING ITS ORDER

Federal courts have the inherent power to impose sanctions against parties and attorneys[1] for willful disobedience of court orders or bad faith misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123 (1991); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (federal court has "inherent power to levy sanctions … for willful disobedience of a court order") (internal quotations omitted). Federal courts also have the inherent "power to punish for contempts." *See Chambers*, 501 U.S. at 44. "'The underlying concern that gave rise to the contempt power … was disobedience to the orders of the Judiciary'[.]" *Id.* (quoting *Young v.*

---

[1] Eade is an attorney and member of the California Bar, *see* http://members.calbar.ca.gov/fal/Member/Detail/93774, and represented himself pro se in his SLAPP suit against iHub. Thus, unlike iHub, Eade incurred no attorneys' fees in bringing his meritless lawsuit.

1   *United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798, 107 S.Ct. 2124, 2132
2   (1987)); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455
3   (1980) (core purposes of "the contempt sanction" are "protecting the due and orderly
4   administration of justice and in maintaining the authority and dignity of the court")
5   (internal quotations omitted).  Courts are authorized to impose a wide range of
6   sanctions pursuant to their inherent power, including censure or formal reprimand,
7   fines, attorneys' fees and costs, or compensatory damages. *See, e.g., In re Girardi*,
8   611 F.3d 1027, 1039, 1067–1068 (9th Cir. 2010) (censure or formal reprimand, and
9   attorneys' fees and costs); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th
10  Cir. 1995) (fines); *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108–1109 (9th Cir.
11  2002) (compensatory damages).

### III.  THE COURT SHOULD HOLD EADE IN CONTEMPT AND/OR SANCTION HIM FOR HIS WILLFUL DISOBEDIENCE OF THE SEPTEMBER 27 ORDER AND BAD FAITH REFUSAL TO PAY iHUB

In violation of the September 27 Order, Eade has failed to pay iHub any of the $49,000 that he was ordered to pay iHub by October 27, 2011.  (Dkt. No. 60 at 2.) Eade repeatedly has stated that he has no intention of complying with the September 27 Order and paying iHub. After the Court announced at a September 12, 2011 hearing that it was going to order Eade to pay iHub $49,000, Eade wrote the following in an email to iHub's counsel:

> I can't pay that order anyway unless I pay $1,000 for the next 49 years anyway ... It looks like the judge believed that all their horseshit is true and that I have pocketed millions in pump and dump schemes, but the reality is that I make less than you do, on the hour, working for scumbags like your client.  I guess you will just have to wait for my bankruptcy discharge.

Jassy Decl., Ex. 1 [Eade's September 14, 2011 e-mail to defense counsel]. On November 29, 2011, Eade wrote to defense counsel, "I have no ability to pay this order. File your motion and guess I will have to file bankruptcy." *Id.*, Ex. 2 [Eade's November 29, 2011 e-mail to defense counsel].

While Eade currently claims that he is unable to pay iHub, earlier this year he filed a declaration with this Court stating that he resides in Paris, France and had "made seven trips to the United States last year" with "[e]ach trip costing approximately $6,000," arrangements inconsistent with budget travel or strained resources. (Dkt. No. 15 at 4.) Moreover, it is not simply that Eade has failed to pay iHub the entire $49,000 that this Court ordered. To date, Eade has pointedly refused to pay iHub *any money whatsoever*. Jassy Decl., Exs. 1 and 2. Nor has he sought relief from the September 27 Order based on any purported inability to comply.

Eade's contempt for the Court's September 27 Order and his refusal to pay iHub is particularly egregious because the money he owes iHub represents attorneys' fees that iHub incurred in defending against his baseless SLAPP suit. As the California Supreme Court has stated, "the legislative aim" of the anti-SLAPP statute's fee-shifting provision is to place the "financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137 (2001). The anti-SLAPP fee award is designed to discourage oppressive anti-speech litigation such as Eade's lawsuit against iHub "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances' and to encourage private representation in SLAPP cases." *Id.* at 1131 (quoting California Code of Civil Procedure § 425.16(a)). Thus, the core purposes of the anti-SLAPP statute weigh heavily in favor of this Court taking the necessary steps to ensure that Eade complies with the Court's September 27 Order.

## IV. CONCLUSION

Prior to filing his meritless SLAPP suit, Eade threatened iHub in writing that he planned to "sue [iHub] into oblivion," that he "will not hesitate to make all of your lives miserable for the next five years," that he "could end up being the owner of IHUB," and that iHub "will need a full time attorney on staff unless you want to spend $1 million defending yourself and your miserable, pitiful meeting place for the mentally challenged." Docket # 39-2 (authenticated by Docket # 39-1, ¶ 3), and Docket # 39-3 (authenticated by Docket # 39-1, ¶ 4). Having lost his lawsuit and been ordered by this Court to reimburse iHub $49,000 for attorneys' fees, Eade should not be permitted to simply disregard the Court's September 27 Order. Eade should be held in contempt of court and/or sanctioned in the amount of $2,345.50 for his willful disobedience of the September 27 Order and his bad faith refusal to pay iHub the $49,000 to which this Court held iHub is entitled, in addition to any other relief that this Court believes is warranted.

Dated:   December 9, 2011

BOSTWICK & JASSY LLP

By   /s/ Jean-Paul Jassy
     JEAN-PAUL JASSY

THOMAS & LOCICERO PL

By   /s/ James J. McGuire
     JAMES J. MCGUIRE
     *Admitted pro hac vice*

Attorneys for Defendant
InvestorsHub.com, Inc.

## DECLARATION OF JEAN-PAUL JASSY

I, Jean-Paul Jassy, declare as follows:

1. I am an attorney admitted to practice before all state and federal courts in the State of California. I am a partner of Bostwick & Jassy LLP, and I am one of the lawyers responsible for representing Defendant InvestorsHub.com, Inc. ("iHub") in this action. The matters stated below are true of my own personal knowledge except for those matters expressly stated on information and belief, which matters I believe to be true.

2. Attached as Exhibit 1 is a true and correct copy of an email that I received from Plaintiff Kenneth Eade on September 14, 2011.

3. Attached as Exhibit 2 is a true and correct copy of an email that I am informed and believe my colleague Kevin L. Vick received from Plaintiff Kenneth Eade on November 30, 2011.

4. My billing rate on this matter is $425 per hour. I spent approximately 0.3 hours drafting and revising this Motion and Declaration. My colleague Mr. Vick's billing rate on this matter is $395 per hour. I am informed and believe that Mr. Vick spent approximately 3.4 hours researching and drafting this Motion. The total billing for Mr. Vick's and my time is $ 1,470.50. iHub will be invoiced for all this time. I anticipate that iHub will incur and be invoiced for an additional $875.00 in connection with Mr. Vick's and/or my work on a Reply brief in support of this Motion and preparation for and attendance at the hearing on this Motion. Thus, I

///

anticipate that iHub will incur a total of approximately $2,345.50 in attorneys' fees in connection with this Motion.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 9, 2011 in Los Angeles, California.

                                                    /s/ Jean-Paul Jassy

# EXHIBIT 1

**Jean-Paul Jassy**

| | |
|---|---|
| From: | ken eade [keneade@gmail.com] |
| Sent: | Wednesday, September 14, 2011 2:09 AM |
| To: | Jean-Paul Jassy |
| Subject: | Re: Eade v. iHub - Proposed Order Granting Fees Motion |

I have no input. I can't pay that order anyway unless I pay $1,000 for the next 49 years anyway, especially after your client and their pump and dump and short protecting buddies have ruined my professional reputation. They have cost me hundreds of thousands of dollars with their unsupported opinions and conjecture. It looks like the judge believed that all their horseshit is true and that I have pocketed millions in pump and dump schemes, but the reality is that I make less than you do, on the hour, working for scumbags like your client. I guess you will just have to wait for my bankruptcy discharge.

On Tue, Sep 13, 2011 at 3:18 PM, Jean-Paul Jassy <jpjassy@bostwickjassy.com> wrote:

Dear Mr. Eade:

At the hearing yesterday on iHub's fees motion, the Court granted the motion, ordering you to pay iHub $49,000 within thirty (30) days. The Court directed me to prepare a proposed order and instructed me to make an effort to get your approval as to the form of the Proposed Order. I attach a draft Proposed Order for your review. Please let me know if you have any questions or comments by Thursday, September 15, 2011, as I intend to submit the Proposed Order to the Court on that date. If you approve of the form, I will include your e-signature. If you do not approve of the form, I will not.

Thank you,

Jean-Paul Jassy

**Jean-Paul Jassy**

### Bostwick & Jassy LLP

12400 Wilshire Boulevard, Suite 400

Los Angeles, CA 90025

Tel: 310-979-6059

Fax: 310-314-8401

jpjassy@bostwickjassy.com

Bio

1

www.bostwickjassy.com

This e-mail may contain confidential and/or privileged material. Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately. This email does not establish an attorney-client relationship.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice communicated by way of this document is not intended to be used, and cannot be used, by you or anyone else for the purpose of avoiding penalties under the Internal Revenue Code, or promoting or recommending anything to another party.

--
Kenneth Eade
Attorney at Law
6399 Wilshire Blvd. suite 507
Los Angeles, CA 90048
+1 323-782-8802 office
**+1 323-703-1594 direct**
+337 86 20 45 40 France
+1 323-704-3539 fax
This is a privileged communication from the Law Office of Kenneth Eade and contains privileged attorney client information. If you are not the intended recipient, please contact us and delete the message from your database.

# EXHIBIT 2

# Kevin L. Vick

| | |
|---|---|
| **From:** | ken eade [keneade@gmail.com] |
| **Sent:** | Wednesday, November 30, 2011 3:27 PM |
| **To:** | Kevin L. Vick |
| **Subject:** | Re: Eade v. InvestorsHub.com, Inc. - Meet and Confer re Intended Motion |

I have no ability to pay this order. File your motion and guess I will have to file bankruptcy.

On Tue, Nov 29, 2011 at 10:21 AM, Kevin L. Vick <KVick@bostwickjassy.com> wrote:

Dear Mr. Eade,

I am writing pursuant to Central District of California Local Rule 7-3 because InvestorsHub.com, Inc. intends to file a Motion to Hold Kenneth Eade in Contempt of Court and/or for Monetary Sanctions against Kenneth Eade on or after December 9, 2011. The Motion will be based on your ongoing violation of the District Court's Order requiring you to pay $49,000.00 to InvestorsHub.com, Inc. pursuant to California Code of Civil Procedure section 425.16(c) within 30 days. More than 30 days have passed since the Court ordered you to pay InvestorsHub.com, Inc., but you have not paid anything to InvestorsHub.com, Inc.

If you would like to discuss this anticipated Motion with us further, please contact me at 310-979-6059.

Thank you,

Kevin Vick

**Kevin L. Vick**
**Bostwick & Jassy LLP**
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025
Tel: (310) 979-6059
Fax: (310) 314-8401
kvick@bostwickjassy.com

www.bostwickjassy.com

This e-mail may contain confidential and/or privileged material. Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately. This email does not establish an attorney-client relationship.

1

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice communicated by way of this document is not intended to be used, and cannot be used, by you or anyone else for the purpose of avoiding penalties under the Internal Revenue Code, or promoting or recommending anything to another party.

--
Kenneth Eade
Attorney at Law
6399 Wilshire Blvd. suite 507
Los Angeles, CA  90048
+1 323-782-8802 office
**+1 323-703-1594 direct**
+337 86 20 45 40 France
+1 323-704-3539 fax

This is a privileged communication from the Law Office of Kenneth Eade and contains privileged attorney client information.  If you are not the intended recipient, please contact us and delete the message from your database.