KENNETH G. EADE
SBN 93774
keneade@gmail.com
6399 Wilshire Blvd., Suite 507
Los Angeles, CA  90048
Telephone:  (323) 782-8802

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EADE,<br><br>                    Plaintiff,<br><br>      v.<br><br>INVESTORSHUB.COM, INC., a Florida corp., DOE 1, aka NO DUMMY, DOE 2, aka JANICE SHELL, DOE 3, aka FASTER183, DOE 4, aka STOCK MAVIN, DOE 5, aka RENEE, DOE 6, aka VIRTUAL DREW, DOE 7, aka BOB 41, DOE 8 aka OVERACHIEVER, DOE 9, aka DOBERMAN, and DOES 10 through 100,<br><br>                    Defendants. | Case No. CV11-01315 JAK (CWx)<br><br>**PLAINTIFF KENNETH EADE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR CONTEMPT, AND/OR MONETARY SANCTIONS**<br><br>Date:           January 9, 2012<br>Time:          8:30 a.m.<br>Courtroom:  750<br>Judge:         Hon. John A. Kronstadt |

    Plaintiff KENNETH EADE herewith submits the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Attorney's Fees.

///

///

///

- 1 -

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 27, 2011, following the dismissal of Plaintiff's complaint pursuant to California Code of Civil Procedure section 425.16, this Court ordered an award of attorney's fees. Defendant contends that the Plaintiff should be held in contempt of the attorney fee order, alleging that he willfully disobeyed the provision requiring him to pay the fees in 30 days, citing two emails from Plaintiff that express not his unwillingness, but his inability to pay. This does not meet the standard of wilfulness required to hold the Plaintiff in contempt.

Moreover, the nature of the attorney's fee order following the dismissal of the complaint is a judgment, and, as such, in the absence of a statute specifically providing enforcement by contempt, it is enforceable only by execution. Sanctions imposed for the failure to pay a money judgment are not enforceable by the contempt powers of this Court.

## II. ARGUMENT AND SUPPORTING AUTHORITY

### A. THE PLAINTIFF'S INABILITY TO PAY DOES NOT EQUATE TO WILFULLNESS OR BAD FAITH, AND THE COURT COURT'S CONTEMPT POWER CANNOT PUNISH PLAINTIFF'S OUT OF COURT PROTECTED SPEECH.

Article III of the United States Constitution as interpreted by the U.S. Supreme Court gives the United States Courts the contempt power, to "assess attorney's fees when a party has '`acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska, supra,* at 258-259 (quoting *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974)). See also *Hall v. Cole,* 412 U.S. 1, 5 (1973); *Newman v. Piggie Park Enterprises, Inc.,* 390 U. S. 400, 402, n. 4 (1968) *(per*

*curiam)*. In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, *Universal Oil, supra,* at 580, as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," *Hutto,* 437 U. S., at 689, n. 14. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers v. NASCO, Inc.,* 501 U.S. 32 at 46.

The Defendant has submitted no credible evidence of bad faith or willful disobedience on the part of the Plaintiff with regard to the Court's attorney fee order. To the contrary, when asked by the Defense counsel if he had any input on the proposed attorney fee order, Plaintiff responded not that he would refuse to pay, but that he had no ability to pay, and that he may have to seek bankruptcy court protection. Moreover, the attorney fee order was not even in existence at the time of the email (Exhibit 1) so it is impossible for Plaintiff's comment, which is an exercise of his first amendment right to free speech, to be contemptuous. The contempt power is not unlimited, and, in this case, the Defendant is asking the Court to punish the Plaintiff for the content of his email, which the Defendant contends is contemptuous. The contempt power is not available to a Court to punish the content of a litigant's out of court speech. See *Madsen v. Women's Health, Center, Inc.,* 512 U.S. 753 (1994).

The email attached as Exhibit 2 is a response to Defense counsel's email informing the Plaintiff of the filing of this motion, and Plaintiff's response that he lacks the ability to pay is not bad faith disobedience or even disrespect for this Court's orders, and it is also an exercise of Plaintiff's right of free speech. The fact that the Plaintiff does not live in the United States and that he has to travel from time to time to the United States to do his job is not evidence of an ability to pay, nor is it evidence of any bad faith.

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

Likewise, the out of court statement to IHUB that Plaintiff "will not hesitate to make all of your lives miserable for the next five years, that he could end up being the owner of IHUB and that IHUB will need a full time attorney on staff unless you want to spend $1 million defending yourself and your miserable, pitiful meeting place for the mentally challenged" is protected speech and not punishable by contempt.  Indeed, the site is offensive and has been used almost exclusively on every IHUB board where Plaintiff has or once had any interest in any public company, as a forum to malign the Plaintiff's character, with the full license of this Court.  There is no reason, if the Defendant's have the right to call the Plaintiff a "deadbeat douchebag" or a "crook" or the myriad of other expletives that have been hurled into cyberspace by the Defendants against the Plaintiff, that Plaintiff should be held in contempt for exercising his own opinion that IHUB is a cesspool for malicious and petty conduct, and a breeding ground for securities fraud.

On the basis of lack of evidence of contemptuous conduct, the Defendant's motion should be denied.

**B.  THE FEES ORDER IS A JUDGMENT, ENFORCEABLE BY EXECUTION, NOT ADDITIONAL SANCTIONS OR FEES THAT HAVE NO BEARING TO THE COSTS OF EXECUTION.**

An order granting a motion to strike with prejudice and dismissing the action in a SLAPP case is a judgment as a matter of law in California. *Melbostad v. Fisher,* 165 Cal. App. 4th 987 (2008).  The anti-SLAPP statute is devoid of any provision authorizing sanctions or the Court's contempt power to enforce an attorney's fee order.  In *Melbostad,* as in the case at hand, the Court granted the defendant's motion to strike the complaint, and levied attorney's fees in a separate order pursuant to a separate motion. The Court noted that attorney fee awards are recoverable either in conjunction with the original SLAPP motion, pursuant to a noticed motion after the complaint is stricken, or by way of a cost bill.

As a judgment, in the absence of a specific statutory provision authorizing contempt as a means of enforcement, contempt is not available and a federal court's power to enforce a money judgment is the execution process pursuant to Federal Rule of Procedure 69(a). *Hilao v. Estate of Marcos,* 393 F. 3d 987 (Ninth Cir. 2004).

Since the levy of additional sanctions are not in the nature of costs, they are not permitted in the excecution process, and Defendant's motion for contempt or sanctions must be denied as not authorized by law.

### III. CONCLUSION

As can be seen from the foregoing, the attorney fee order is, as a matter of law, a judgment, no provision of the SLAPP statute authorizes the use of the contempt power, and a federal court lacks the power to levy sanctions or hold a judgment debtor in contempt because its authority to enforce judgments is limited to that granted in Federal Rule of Civil Procedure 69(a). Moreover, the Defendant is asking the Court to punish the Plaintiff for exercising his First Amendment right of freedom of speech with the power of contempt, which would be an unconstititutional exercise of the contempt power. Finally, the Defendant has offered no credible evidence of bad faith conduct on the part of the Plaintiff with respect to the judgment that is punishable either by contempt or sanctions. For all these reasons, or any one of them, the Defendant's motion must be denied.

DATED: December 14, 2011

Respectfully submitted,

   /s/ Kenneth Eade
KENNETH EADE,
Plaintiff In Propia Persona

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

# DECLARATION OF KENNETH EADE

I, KENNETH EADE, hereby declare as follows:

1. That I am an attorney at law, duly licensed to practice before this Court, and, if called upon as a witness, could competently testify as to the following facts, within my personal knowledge.

2. That, throughout this litigation, I have cooperated with counsel and not made any unnecessary motions or delays. This is evident in the attached email communications to counsel, incorporated by reference herewith as <u>Exhibit A</u>.

3. That I have carefully reviewed all of the attorneys' fees being claimed by counsel and vehemently object to duplicative efforts of four (4) separate attorneys when this was the job of one (1) attorney who is, obviously, specialized in this field. All duplicative charges should be eliminated as well as all charges relating to matters that did not directly relate to the anti-SLAAP motion.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct this 14th day of December, 2011.

       /s/ Kenneth Eade
       KENNETH EADE

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 6399 Wilshire Blvd., Suite 507, Los Angeles, California 90048.

On December 21, 2011, I served the foregoing documents described as:

**PLAINTIFF KENNETH EADE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR CONTEMPT, AND/OR MONETARY SANCTIONS**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ BY U.S. MAIL: I enclosed the documents in a sealed envelope or package address to the above-named persons at the addresses exhibited therein and (specify one):

☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firms practice for collecting and processing correspondence for mailing. On the same day that correspondence or other service document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage thereon fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒ BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of the above-described document.

Executed this 21st day of December, 2011, at Los Angeles 90048.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                        /s/ Nichelle Guzmán
                                        NICHELLE GUZMAN