KENNETH G. EADE
SBN 93774
keneade@gmail.com
6399 Wilshire Blvd., Suite 507
Los Angeles, CA 90048
Telephone: (323) 782-8802

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EADE,<br><br>        Plaintiff,<br><br>v.<br><br>INVESTORSHUB.COM, INC., a Florida corp., DOE 1, aka NO DUMMY, DOE 2, aka JANICE SHELL, DOE 3, aka FASTER183, DOE 4, aka STOCK MAVIN, DOE 5, aka RENEE, DOE 6, aka VIRTUAL DREW, DOE 7, aka BOB 41, DOE 8 aka OVERACHIEVER, DOE 9, aka DOBERMAN, and DOES 10 through 100,<br><br>        Defendants. | Case No. CV11-01315 JAK (CWx)<br><br>**PLAINTIFF KENNETH EADE'S SUPPLEMENTAL DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR CONTEMPT, AND/OR MONETARY SANCTIONS**<br><br>Date:        March 19, 2012<br>Time:       8:30 a.m.<br>Courtroom:  750<br>Judge:      Hon. John A. Kronstadt |

     Plaintiff KENNETH EADE herewith submits the following Supplemental Declaration and Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Attorney's Fees.

///

///

- 1 -

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On September 27, 2011, following the dismissal of Plaintiff's complaint pursuant to California Code of Civil Procedure Section 425.16, this Court ordered an award of attorney's fees. The Plaintiff has not wilfully disobeyed this Court's Order because he lacks the ability to pay the Order until his only property, subject to a divorce proceeding, has been sold. The Plaintiff does not contest this Court's ability to utilize the contempt power to enforce its orders; however the use of the contempt power is inappropriate to enforce the payment of a money judgment, as even the Court's civil contempt powers include the power to imprison the contemnor, and imprisonment for a failure to pay a money judgment is inappropriate and unconstitutional. The Plaintiff does not contest the Court's power to levy additional costs, however, if the Court feels that such are warranted, but the levy of such additional costs should not be under the Court's contempt power.

## II.  ARGUMENT AND SUPPORTING AUTHORITY

### A.  PLAINTIFF HAS NO PRESENT ABILITY TO COMPLY WITH THE ORDER.

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply. See *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983); *United States v. Drollinger*, 80

F.3d 389, 393 (9th Cir.1996); see also *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir.1998) (holding that once a prima facie showing of contempt is made, "the burden then shifts to the alleged contemnor 'to produce evidence explaining his noncompliance' "); *National Labor Relations Board v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir.1973) ("[O]ne petitioning for an adjudication of civil contempt does not have the burden of showing that the respondent has the capacity to comply."). "Ability to comply is the crucial inquiry, and 'a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.' " *Drollinger*, 80 F.3d at 393…"
*U.S. v. Ayres,* 166 F.3d 991 (9th Cir. 1999).

"…Civil contempt sanctions, however, are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and "carries the keys of his prison in his own pocket." *Bagwell*, 512 U.S. at 828, 114 S.Ct. 2552 (citations omitted). A contemnor's ability to purge civil contempt, therefore, cannot be contingent upon the acquiescence of an opposing party because such an arrangement effectively renders the contempt punitive, rather than civil. See *Id.* at 829, 114 S.Ct. 2552 ("[A] fine ... is civil only if the contemnor is afforded an opportunity to purge."). *Id.*

**B.   THE PLAINTIFF'S INABILITY TO PAY DOES NOT EQUATE TO WILFULLNESS OR BAD FAITH.**

Article III of the United States Constitution as interpreted by the U.S. Supreme Court gives the United States Courts the contempt power, to "assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska, supra,* at 258-259 (quoting *F. D. Rich Co. v. United States ex rel. Industrial*

*Lumber Co.,* 417 U.S. 116, 129 (1974)). See also *Hall v. Cole,* 412 U.S. 1, 5 (1973); *Newman v. Piggie Park Enterprises, Inc.,* 390 U. S. 400, 402, n. 4 (1968) *(per curiam).* In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, *Universal Oil, supra,* at 580, as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," *Hutto,* 437 U. S., at 689, n. 14. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers v. NASCO, Inc.,* 501 U.S. 32 at 46.

The Defendant has submitted no credible evidence of bad faith, willful disobedience or improper conduct toward the Court on the part of the Plaintiff with regard to the Court's attorney fee order. On the contrary, the Plaintiff had no ability to pay the Order within the 30-day time frame that required it to be paid and currently lacks the ability to pay the Order. Contrary to the Defendant's contentions, there is no procedure whereby the Plaintiff can make a motion to the Court for installment payments.

On the basis of lack of evidence of bad faith conduct, the Defendant's motion should be denied.

**C. THE FEES ORDER IS A MONEY JUDGMENT, NOT ENFORCEABLE BY CONTEMPT.**

As a judgment, in the absence of a specific statutory provision authorizing contempt as a means of enforcement, contempt is not available and a federal court's power to enforce a money judgment is the execution process pursuant to Federal Rule of Civil Procedure 69(a). *Hilao v. Estate of Marcos,* 393 F. 3d 987 (Ninth Cir. 2004); *El-Tabech v. Clarke,* 616 F.3d 834 (8th Cir. 2010).

Federal Rule of Civil Procedure 69(a) provides, in pertinent part, as follows:

"(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Section 680.270 of the California Code of Civil Procedure defines "money judgment" as "that part of a judgment that requires the payment of money."

Contempt as a vehicle to compel the payment of a money judgment is improper. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir. 1992). Exceptions to this rule are narrow; such as the failure to pay a child support award (*U.S. v. Ballek,* 170 F.3d 871 (1999); enforcement of a money payment included in an equitable order, such as an injunction (*Usery v. Fisher,* 565 F.2d 137 (10th Cir. 1977).

The reasoning behind this limitation is that the Court has the power to imprison the Plaintiff until he pays in a civil contempt proceeding. A money judgment is not enforceable by civil contempt proceedings, because they inherently carry the power of the Court to imprison the contemnor. *Pierce v. Vision Investments, Inc.,* 765 F.2d 539 (5th Cir. 1985), In *re Miller & Harbaugh,* 54 F.2d 612 (9th Cir. 1931).

An order granting a motion to strike with prejudice and dismissing the action in an anti- SLAPP case is a judgment. *Melbostad v. Fisher,* 165 Cal. App. 4th 987 (2008). Attorney's fees in favor of the prevailing party are mandated by Section 425.16. The attorney's fees provided for in Section 425.16 can be added to the judgment by a cost bill or a noticed motion after the complaint is stricken. *Id.* Section 1033.5(10)(A) of the Code of Civil Procedure provides that attorney's fees authorized by statute are considered as Section 1032 costs to the prevailing party. Therefore, since the order of payment of attorney's fees is in the nature of costs to be added to a judgment, it is a money judgment and is not enforceable by the Court's contempt power.

## III.  CONCLUSION

As can be seen from the foregoing, the attorney fee order is, as a matter of law, costs on a judgment, and the contempt power, since it carries the inherent power to coerce or compel compliance by imprisonment, is not applicable to enforce payment of a judgment or costs added to a judgment.

Even if the contempt power did apply to collect costs on a judgment, Plaintiff lacks the ability to pay a $49,000 attorney's fees order; especially within the 30 day period that the Order provided requirement of payment.

For all these reasons, or any one of them, the Defendant's motion must be denied.

DATED:  February 24, 2012

Respectfully submitted,

  /s/ Kenneth Eade
KENNETH EADE,
Plaintiff In Propia Persona

- 6 -
**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

## DECLARATION OF KENNETH EADE

I, KENNETH EADE, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before this Court, and, if called upon as a witness, could competently testify as to the following facts, within my personal knowledge.

2. I have lived in France part-time since 2002, and full-time since 2007. I can live abroad because my work is mostly corporate transactional and securities with some international work in French, Russian and Chinese clients.

3. My choice to live abroad may make it seem to people who live in the United States like I am always on vacation. Most U.S. residents do not ever consider living outside of the United States. However, it is a choice, not a vacation. I normally never take a vacation. The last time I took a vacation was on my honeymoon in 2010.

4. I have no residence in the United States and consider my domicile there to be the last residence I had when I lived with my father in Arizona after my divorce. I have no real estate and no assets in the United States, and no residence in the United States. I live in a 48-square-meter rented apartment in Paris and only come to the United States when I have to for business. Contrary to the Defendant's contentions and the Court's impressions, I do not have a lavish lifestyle. Most people living in Paris do not. Expenses are comparable to any large city in the United States, but the exchange rate for the euro makes them a little more difficult for me.

5. I have no savings and the only asset I own is a half interest in an apartment in Beausoleil, France, which is being occupied by my ex-wife, with whom I have been engaged in a bitter divorce battle since 2009. She currently is defying the Divorce Court's order to vacate the property and to list it for sale at a reasonable price, and I have been forced to hire counsel in France to register and execute the Divorce Court's order in France. Attached hereto and incorporated by reference herein as <u>Exhibit 1</u> collectively, are the Judgment on Reserved Issues in that case as well as the Order Modifying the

**PLTF'S MEMO OF P&A IN OPP TO MTN FOR CONTEMPT AND/OR SANCTIONS**

Judgment on Reserved Issues, providing that the property is to be sold and the proceeds divided equally, which I request that the Court take judicial notice of in accordance with Federal Rule of Evidence 201. I will be able to pay this Court's Order when that happens.

6. My income and expenses are summarized on the attached income and expense declaration filed in the Divorce Court, attached hereto and incorporated by reference as <u>Exhibit 2</u>, which I request the Court to take judicial notice of. I make approximately $11,000 per month. I owe the Internal Revenue Service $140,000 in back taxes and $50,000 in taxes for 2010. I have to make payments to them of $2,500 per month on the back taxes and have not yet made any arrangements for 2010. I am obligated for spousal support payments to my ex-wife of $3,000 per month, and $500 per month to her lawyer, and have no savings and no other income than my current self employment. Until my ex wife is out of my house and it is sold, I will be unable to pay anything but a nominal amount on the Order of this Court.

7. I have sought a payment plan from the Defendant, but, despite their rhetoric, they are obviously not interested in working out anything realistic because they replied to my inquiries with a proposal that I pay over 50% of my disposal income per month, not counting the spousal support and IRS orders. Attached hereto and incorporated by reference herein collectively as <u>Exhibit 3</u> is a true copy of my emails to defense counsel, as well as counsel's response.

8. I have no retirement plan. What I did have was wiped out in the 2008 crash.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct this 24th day of February 2012.

                                        /s/ Kenneth Eade
                                        KENNETH EADE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 6399 Wilshire Blvd., Suite 507, Los Angeles, California 90048.

On February 25, 2012, I served the foregoing documents described as:

**PLAINTIFF KENNETH EADE'S SUPPLEMENTAL DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR CONTEMPT, AND/OR MONETARY SANCTIONS**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ BY U.S. MAIL: I enclosed the documents in a sealed envelope or package address to the above-named persons at the addresses exhibited therein and (specify one):

☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firms practice for collecting and processing correspondence for mailing. On the same day that correspondence or other service document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage thereon fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒ BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of the above-described document.

Executed this 25th day of February, 2012, at Los Angeles 90048.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                         /s/ Nichelle Guzmán
                                         NICHELLE GUZMAN