1  KENNETH G. EADE (SBN 93774)
   keneade@gmail.com
2  LAW OFFICE OF KENNETH G. EADE
3  6399 Wilshire Blvd., Suite 507
   Los Angeles, CA  90048
4  Telephone:  (323) 782-8802

5  Attorney for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10 KENNETH EADE,                        Case No. CV11-01315 JAK (CWx)

11              Plaintiff,              PLAINTIFF KENNETH EADE'S
                                        DECLARATION REGARDING
12        v.                            STATUS OF MOTION FOR
                                        CONTEMPT, AND/OR MONETARY
13 INVESTORSHUB.COM, INC., a Florida    SANCTIONS
14 corp., DOE 1, aka NO DUMMY, DOE 2,
   aka JANICE SHELL, DOE 3, aka
15 FASTER183, DOE 4, aka STOCK
   MAVIN, DOE 5, aka RENEE, DOE 6,
16 aka VIRTUAL DREW, DOE 7, aka
   BOB 41, DOE 8 aka OVERACHIEVER,      Date:      November 19, 2012
17 DOE 9, aka DOBERMAN, and DOES 10     Time:      1:30 p.m.
18 through 100,                         Courtroom: 750
                                        Judge:     Hon. John A. Kronstadt
19              Defendants.

20

21

22

23        Plaintiff  KENNETH  EADE  herewith  submits  the  following  Supplemental
24 Declaration Re: Plaintiff's Motion for Contempt, Sanctions, and Attorney's Fees.
25 ///
26 ///
27 ///
28

                                    - 1 -

## DECLARATION OF KENNETH EADE

I, KENNETH EADE, hereby declare as follows:

1.     I am an attorney at law, duly licensed to practice before this Court, and, if called upon as a witness, could competently testify as to the following facts, within my personal knowledge.

2.     My only asset is an apartment in Beausoleil, France, half of which was awarded to me in my dissolution of marriage judgment in California.  The judgment is currently in enforcement proceedings in the Tribunal of Nice, France, which has jurisdiction over the property and I expect either a disposition or a trial date will be set at the next hearing, which is scheduled for November 22, 2012.  My ex-wife has refused to cooperate in selling the property since the dissolution decree in December 2009 and, as a result, the Court has ordered her out of possession.

3.     Per the Court's order, I have made full disclosure of all my assets to the Defendant, and have sent its counsel copies of my divorce judgment on reserved issues and judgment for possession of the French property.

4.     I filed for chapter 7 bankruptcy in 2008 and have no property in the United States, except for common stock in Independent Film Development Corporation, in the name of myself and my wife.  My current wife, Valentina Eade, holds 6,486,900 shares of Independent Film Development Corporation.  I hold approximately 680,000 shares. Because of my affiliate status, I can only sell approximately 250,000 shares of this stock every quarter.  The stock trades lower than a penny per share, and, at current market prices of $0.0061 per share, that would gross approximately $1525 per quarter.  Attached hereto and incorporated by reference herein as Exhibit 1 is a true copy of the OTC Markets statistics on the stock, which shows the $0.0061 share price and that the average monthly trading volume is 238,716 shares.

5.     I have possession of a 2002 Maserati Cambriocorsa has a lien on it to Capital One Auto Finance in the principal amount of approximately $30,000.   My

obligation to pay on the loan was discharged in my chapter 7 bankruptcy. The loan to Capital One has not been paid since 2008 and Capital One did not respond to my offers to redeem the car in my personal bankruptcy in 2008. It is ten years old and has over 45,000 miles. There is no Kelly Blue Book value on a Maserati but my opinion of its value based on Internet classified ads is approximately $20,000. I am the registered owner of the Maserati and have produced the registration to the Defendant.

6.     On July 23, 2012, the Los Angeles Superior Court terminated my spousal support obligations of $3,000 per month, with the understanding that I am still to pay for the monthly mortgage payments of 1500 euros, which is approximately $2,000 per month.

7.     I also hold a judgment which the Defendant referred to in the case of Independent Film Development Corporation v. Arriva Capital, in which I was awarded $125,000 and the return of 3 million shares of Independent Film Development Corporation on July 30, 2012. I do not believe the money judgment is collectible, and the transfer agent has not yet issued me the 3 million shares, which are valued at approximately $22,500, and which could theoretically be sold by me over a period of 48 months at the rate of 250,000 shares per quarter, if there was a market in the stock, which appears to be declining and thinly traded.

8.     Since I have no liquidity, and the only liquidity event I see at this time is to sell my French property, the very best I can do is to pay the judgment from the sale of my property in France.

9.     This month I will begin making monthly payments to the Defendant voluntarily until I can sell the property in France and pay off the judgment, but the Defendant is not satisfied with the monthly payments and has offered to settle for monthly payments that are the equivalent of over half my monthly disposable income. This payment arrangement would be impossible for me to comply with and I would be in default the first month. In addition, I would be unable to maintain payments on the French property and unable to pay office expenses, which would result in a drop in

PLTF'S DECLARATION RE STATUS OF MTN FOR CONTEMPT AND/OR SANCTIONS

1    income that would make even the voluntary payments I am now making impossible to

2    make.

3            I declare under penalty of perjury under the laws of the United States of America

4    that all of the foregoing is true and correct this 13th day of November 2012.

5

6                                              ___/s/ Kenneth Eade_____
                                               KENNETH EADE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTF'S DECLARATION RE STATUS OF MTN FOR CONTEMPT AND/OR SANCTIONS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action, my business address is 6399 Wilshire Blvd., Suite 507, Los Angeles, California 90048.

On November 13, 2012, I served the foregoing documents described as:

**PLAINTIFF KENNETH EADE'S DECLARATION REGARDING STATUS OF MOTION FOR CONTEMPT, AND/OR MONETARY SANCTIONS**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

☐   BY U.S. MAIL: I enclosed the documents in a sealed envelope or package address to the above-named persons at the addresses exhibited therein and (specify one):

☐   I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firms practice for collecting and processing correspondence for mailing.  On the same day that correspondence or other service document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage thereon fully prepaid.

I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☒   BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of the above-described document.

Executed this 13th day of November, 2012, at Los Angeles 90048.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____/s/ Nichelle Guzmán_____
NICHELLE GUZMAN